**FILED**
August 24, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JAVIER LOPEZ CRUZ,** **A# 221 376 948,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **NO. SA-26-CV-05289-OLG** |
| **WARDEN, Karnes County Immigration Processing Center, ET AL.** | § | |
| **Respondents.** | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is the second 28 U.S.C. §2241 Petition for Writ of Habeas Corpus filed by Petitioner Javier Lopez Cruz.[1] (Dkt. No. 1). Upon review, the Court finds that the Petition should be and hereby is **DENIED** without service on Respondents. (*Id.*).

## I. BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in either 1997 or 2002 and was encountered and detained by immigration authorities for the first time in May 2026.[2] (Dkt No. 1). Thereafter, he was placed in removal proceedings and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as "an alien present … without being admitted or paroled." *See Lopez Cruz v. Mullin, et al.*, No. 5:26-CV-03093-OLG, Dkt. 4, 5 (W.D. Tex. filed

---

[1] This matter was first assigned to the Honorable Jason Pulliam. However, it was transferred to the Undersigned by Order dated July 31, 2026, pursuant to Subpart B of Section IV of the Amended Plan for Random and Direct Assignment of Cases in Multi-Judge Divisions, and this Court's first-to-file rule for civil cases. (Dkt. No. 3); *see* https://www.uxwd.uscourts.gov/judges-information/standing-orders/ (last visited Aug. 21, 2026).

[2] In the first Petition filed in this Court, which was filed by counsel, Petitioner stated he entered the country in 2002. *See Lopez Cruz v. Mullin, et al.*, No. 5:26-CV-03093-OLG, Dkt. 1 (W.D. Tex. filed May 12, 2026). In the current Petition, which he filed *pro se*, Petitioner states he entered the country in 1997. (Dkt. No. 1). Petitioner's entry date makes no difference in this Court's disposition.

May 12, 2026). He is presently being detained pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the conclusion of those proceedings.[3] *Id.* Dkt. 5. Petitioner was previously granted habeas relief by this Court. *Id.* In accordance with this Court's Order in No. 26-CV-03093-OLG, Petitioner received a bond hearing before an immigration judge, who denied bond on flight risk grounds. *Id.* Dkt. 7. Following denial of bond, Petitioner initiated this second habeas action on August 14, 2026, and appears to seek an order compelling his release or requiring that he be given another bond hearing on the ground that his due process rights have been violated. (Dkt. No. 1).

## II. JURISDICTION

District courts have jurisdiction to grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c).

The INA does not strip the Court of jurisdiction over the instant challenge to detention. *See, e.g.*, *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 at 2–4 (W.D. Tex. Dec. 15, 2025) (addressing and rejecting the applicability of 8 U.S.C. §§ 1252(g), 1252(b)(9), 1225(b)(4) in context of challenges to mandatory detention). Nor would Petitioner's failure to exhaust administrative remedies, as the exhaustion requirement in the immigration detention context is likely prudential rather than jurisdictional. *Calderon Lopez v. Lyons*, 814 F. Supp. 3d 733, 737 n.1 2026 WL 44683, at *1 n.1 (N.D. Tex. Jan. 7, 2026) (citing 8 U.S.C. § 1252(d)(1)). And "exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa v. Horn*,

[3] Although Petitioner was granted voluntary departure on July 10, 2026, his removal proceedings remain ongoing because he timely appealed to the Board of Immigration Appeals, and thus, he has no administratively final order. *See* Automated Case Information (last visited Aug. 21, 2026). Once he has an administratively final order, the Government will have 90 days to physically remove Petitioner from the United States, during which time detention is mandatory. *See* 8 U.S.C. § 1231; *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).

896 F.3d 305, 314 (5th Cir. 2018) (citation modified); *see Calderon Lopez*, 814 F. Supp. 3d at 737 n.1 (finding that exhaustion—i.e., an appeal to the BIA—would be "an exercise in futility" and therefore was not required); *Petgrave v. Aleman*, 529 F. Supp. 3d 665, 672 & n.14 (S.D. Tex. 2021) (finding that administrative exhaustion would be futile where constitutional challenge to detention procedures are raised); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025) (explaining that requiring petitioner to wait for a ruling on an appeal to the BIA would "exacerbate his alleged constitutional injury—detention without a bond hearing"); *Hernandez-Fernandez v. Lyons*, No. 25-CV-773-JKP, 2025 WL 2976923, at *6–7 (W.D. Tex. Oct. 21, 2025) (same).

## III. DISCUSSION

The petitioner bears the burden of proving that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (quoting 28 U.S.C. § 2241(c)(3)). "[B]ecause the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* at 696–97 (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). "A court considering a habeas petition must 'determine the facts ... and dispose of the matter as law and justice require.'" *Id.* at 697 (quoting 28 U.S.C. § 2243). Petitioner appears to argue his detention violates his due process rights. (Dkt. No. 1). The Court disagrees.

First, Petitioner received all the process he was entitled to as a result of his first habeas petition. Indeed, he received a bond hearing, during which the immigration judge determined that he poses a flight risk. *See Lopez Cruz*, No. 5:26-CV-03093-OLG, Dkt. 5, 7. Thus, Petitioner has not been deprived of due process. *See, e.g.*, *Adedire v. Warden*, No. 26-CV-649, 2026 WL 983130, at *2–3 (W.D. Tex. Apr. 10, 2026); *Pun v. Noem*, No. 26-CV-534, 2026 WL 475297, at *2 (W.D. Tex. Feb. 18, 2026); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1068 (9th Cir. 2008) ("Prieto-

Romero has not been denied procedural due process while in custody. He received a bond hearing that afforded him an individualized determination of the government's interest in his continued detention by a neutral decisionmaker.").

Second, while there are constitutional limitations on the permissible length of detention for aliens who have a final order of removal, that is because "post-removal-period detention, *unlike detention pending a determination of removability*, has no obvious termination point." *Demore v. Kim*, 538 U.S. 510, 529 (2003) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001)). "Detention during removal proceedings," however, "is a constitutionally permissible part of that process." *Id.* at 530. As such, any duration-based claim is unavailable here because Petitioner's detention has "a definite termination point: the conclusion of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018); *see Maramba v. Mukasey*, No. 08-CV-351, 2008 WL 1971378, at *4 (N.D. Tex. Apr. 28, 2008). Petitioner may be frustrated by the length of his detention, but his detention is only ongoing because "he is waiting for a decision on *his* appeal." *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024). He "has the keys in his pocket and can end his detention immediately by withdrawing his defense and returning to his native land." *Id.*

## IV. CONCLUSION

Based on the foregoing, *pro se* Petitioner Javier Lopez Cruz's second Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. No. 1) must be and hereby is **DENIED**.

This Order is a **FINAL JUDGMENT**, and the Clerk is directed to **CLOSE** this case upon its entry.

It is so **ORDERED**.

**SIGNED** on August 24, 2026.

ORLANDO L. GARCIA
United States District Judge